IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| LANCE C. KING and | * | Chapter 7 |
| MILDRED R. KING, | * | |
|     Debtors | * | |
| | * | Case No.: 1-04-bk-02874MDF |
| LANCE C. KING, | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | Adv. No.: 1-04-ap-00161 |
| | * | |
| COUNTY OF ORANGE, STATE of | * | |
| CALIFORNIA, FULTON COUNTY | * | |
| DOMESTIC RELATIONS SECTION, | * | |
|     Defendants | * | |
| | * | |

## OPINION

Before me are motions filed by County of Orange, State of California, Department of Child Support Services ("Orange County" or "Defendant") and Fulton County Domestic Relations Section ("Fulton County") (collectively "Defendants") requesting the Court to dismiss the complaint to determine dischargeability filed by Lance C. King ("Debtor"). Defendant Orange County filed an answer to the complaint on August 18, 2004, and Defendant Fulton County filed a response to the complaint on August 23, 2004. On October 18, 2004, Defendants filed motions for summary judgment. A "Statement of Uncontroverted Facts and Conclusions of Law" was filed by Defendants. Debtor filed an answer to the motions for summary judgment and a brief in support of his answer that requested summary judgment in favor of the Debtor. The

1

matter is ripe for decision. For the reasons set forth below, judgment is entered in favor of Defendants.[1]

## Procedural and Factual History

Debtor filed his bankruptcy petition on May 12, 2004. In his schedules, Debtor listed an unsecured debt owed to Orange County in an amount of $19,099.32. The debt arose from an order for child support for Debtor's son that was assigned by operation of law after Debtor's former spouse began to receive public assistance payments from the Orange County Department of Social Services ("Orange County DSS"). Between July 1986 and March 1999, Debtor's former spouse received assistance under the Aid to Families with Dependent Children program ("AFDC"). The Family Support Division of the Orange County District Attorney's Office, the predecessor agency to the Defendant, opened a case against Debtor on September 10, 1986 to collect unpaid child support as reimbursement for public assistance provided by Defendant. On October 1, 1986, the Superior Court of California entered an order directing Debtor to pay $200 per month in child support commencing October 5, 1986. The provisions related to support in the 1986 order were incorporated in the divorce decree entered on July 14, 1987.

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(I) and (O). This Opinion constitutes the findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052. Defendant Orange County requests this Court to grant summary judgment finding that the debt is nondischargeable under 11 U.S.C. § 523(a)(5) and (a)(18) or, alternatively, that this suit against the State of California is barred by the 11th Amendment to the U.S. Constitution. Since I find that the debt is nondischargeable under the Bankruptcy Code, I do not reach the merits of the sovereign immunity defense.

At some point (on a date not disclosed in the record), Debtor relocated to Fulton County, Pennsylvania. Fulton County has been enforcing Orange County's interest in the support payments by attaching Debtor's wages.

## Discussion

A motion to dismiss may be granted only if no relief could be ordered after accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. Fed. R. Civ. P. 12(b)(6). *Turbe v. Government of Virgin Islands,* 938 F.2d 427, 428 (3d Cir.1991).The burden of proof in a proceeding under Section 523 is on the party asserting that the debt is nondischargeable. *In re Gianakas*, 917 F.2d 759 (3d Cir. 1990);*In re Perry*, 254 B.R. 675, 685 (Bank. E.D. Va. 2000); *see also, Grogan v. Garner,* 498 U.S. 297 (1991).

The relevant provisions of Section 523(a) provide as follows:

(a) A discharge under 727 . . . of this title does not discharge an individual debtor from any debt –
. . . . .
(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that–

    (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

    (B) such debt includes a liability designated as alimony, maintenance, or support, unless such debt is actually in the nature of alimony, maintenance, or support.
. . . .
(18) owed under State law to a State or municipality that is –

>> (A) in the nature of support, and

>> (B) enforceable under part D of title IV of the Social Security Act (42 U.S.C. §601 *et. seq.*).

11 U.S.C. §523(a)(5)(18).

"It is well established that when the statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (internal quotation marks omitted) (*quoting United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (in turn *quoting Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)). Exceptions to discharge "should be confined to those plainly expressed." *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998). Summary judgment in favor of Defendants is appropriate because Defendants' claim fits squarely within the parameters of both subparagraphs (a)(5) and (a)(18) of Section 523.

> a. *Section 523(a)(5)*

Debtor asserts that Section 523(a)(5) is not applicable because the debt owed is not the debt of a "spouse, former spouse, or child of the debtor." Debtor cites legislative history from the enactment of the Bankruptcy Code in support of his interpretation of the statute. However, he ignores the 1981 and 1984 amendments to the Code that were added specifically to provide for the nondischargeability of child support debts assigned to governmental entities and of debts resulting from paternity litigation. *See* Omnibus Budget Reconciliation Act of 1981, Pub. L. No. 97-35, s 2334(b), 95 Stat. 863 (1981) (codified as amended at 11 U.S.C. s 523(a)(5)(A) (1981));

Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98-353, s 454, 98 Stat. 375-76 (1984) (codified as amended at 11 U.S.C. s 523(a)(5)(A) (1984)). Section 523(a)(5) plainly states that a debt for support assigned under 408(a)(3) of the Social Security Act is nondischargeable. Section 408(a) requires a person who receives benefits under AFDC to assign any rights to support he or she may have as a condition of receiving aid from the state. 42 U.S.C. § 608(a)(3). Debtor's former spouse began receiving public assistance under AFDC in July 1986. Debtor was obligated to provide support to his son at least from the date of the entry of the October 1, 1986 order. Therefore, only AFDC payments received between July and September 1986 were made when it was not clear that Debtor had a duty to support his son. The Ninth Circuit has held that support payments are dischargeable under Section 523(a)(5) if they accrued prior to the entry of a court order, but are nondischargeable if they accrue after entry of the order. *County of Santa Clara v. Ramirez*, 795 F.2d 1494, 1497 (9th Cir. 1986).[2] Therefore, the support obligation owed to Debtor's former wife and child and assigned to Orange County is nondischargeable under Section 523(a)(5) for amounts that were paid after October 1, 1986.

    b.    *Section 523(a)(18)*

The debt owed to Orange County also is nondischargeable under Section 523(a)(18), which excepts from discharge an obligation owed to a state or municipality that is (1) in the nature of support and (2) is enforceable under part D of title IV of the Social Security Act. Debtor disputes that the debt owed to Orange County is in the "nature of support" as

---

[2]Applying California law, which also would be relevant in the case at bar, the Ninth Circuit noted that a custodial parent did not have a right to support absent a court judgment. Section 402(a)(26) of the Social Security Act (Section 408(a)(3) under current law), however, limited the assignment of support rights to those which *had accrued* at the time the assignment was executed. *Ramirez*, 795 F.2d at 1497.

5

Case 1:04-ap-00161-MDF    Doc 15    Filed 02/04/05    Entered 02/04/05 16:15:21    Desc
Main Document      Page 5 of 11

contemplated by Section 523(a)(18). In support of his position, Debtor relies on *dicta* in *In re Hutchinson,* 270 B.R. 429 (Bankr. E.D. Mich. 2001). In *Hutchinson*, the bankruptcy court found the debt to be nondischargeable under Section 523(a)(5), but declined to find that Section 523(a)(18) was applicable. The court determined that the term "nature of support" should be construed narrowly since exceptions to discharge arise only when plainly expressed in the statute. *Id.* at 439. The *Hutchinson* court disagreed with the seminal decision construing Section 523(a)(18), *In re Leibowitz,* 217 F.3d 799 (9th Cir. 2000), which stands for the proposition that "the right to be reimbursed for payments in the nature of child support" are within the meaning of "in the nature of support" as defined in the statute. *Hutchinson*, 270 B.R. at 438.[3]

I find the reasoning in *Leibowitz* more persuasive than the *dicta* in *Hutchinson*. The material facts of the *Leibowitz* case are "on all fours" with the facts of the within case. After Leibowitz and his wife divorced in 1991, his former wife applied to Orange County for benefits under AFDC.[4] As in the case at bar, Leibowitz's wife was required to assign to Orange County any "accrued" rights to support from debtor Leibowitz. On May 12, 1992, Orange County obtained a judgment against Leibowitz pursuant to state law requiring him to reimburse the

---

[3]In *Hutchinson*, the facts before the Court involved a child of majority age who pre-petition had sued the debtor, her biological father, for having "breached his common law duty to financially support and care for her." *Id.* at 431. This suit was pending when debtor Hutchinson filed his bankruptcy petition. Debtor filed an adversary action to have any claim that might stem from such suit declared to be dischargeable. The court held that the debt was nondischargeable under Section 523(a)(5), but rejected the holding in *Leibowitz* finding that the principal that objections to discharge must be strictly construed precluded the extension of Section 523(a)(18) to debts "which are only related to a child's support." *Hutchinson*, 270 B.R. at 439.

[4]The AFDC program was superceded by the Welfare Reform Act of 1996 referred to more formally as the Personal Responsibility and Work Opportunity Reconciliation Act of 1996. *See* 42 U.S.C. §§601-619.

6

county for AFDC payments made up to that date. Leibowitz failed to pay the debt and filed a Chapter 7 petition in September, 1996. As in the case at bar, Leibowitz filed a complaint to determine dischargeability of the debt, and Orange County moved for summary judgment. The bankruptcy court granted summary judgment finding that the debt was nondischargeable under 11 U.S.C. §523(a)(18) and the bankruptcy appellate panel ("BAP") affirmed. On appeal from the BAP decision, the Ninth Circuit concluded that the requirement that payments to be "in the nature of support" did not mean they had to be made directly to the child. Rather, payments to the Orange County would be considered "in the nature of support" if "the basis of the debt benefitted the children." *Leibowitz,* 217 F.3d at 803.

Debtor acknowledges the *Leibowitz* decision, but relies on *Hutchinson's* narrow reading of Section 523(a) to argue that the *Leibowitz* holding is too broad.[5] Specifically, Debtor cites *Hutchinson* for its statement that the narrow construction doctrine applicable to Section 523(a) under *Geiger, supra*, precludes the extension of Section 523(a)(18) to debts which are "only related to child support." *Hutchinson*, 270 B.R. at 439.

---

[5]This Court's own research has found no cases other than *Hutchinson* that have found assigned AFDC or similar claims to be nondischargeable despite Section 523(a)(18). *See, In re Coker*, 232 B.R. 182 (C.D. Cal.,1998) (debt owed by Chapter 7 debtor for reimbursement of public assistance that county had provided to his children was within exception to discharge under 523(a)(18); *In re Cervantes*, 219 F.3d 955 (9th Cir. 2000) (excepting from discharge in Chapter 13 a child support obligation which child's mother had assigned to county); *In re Watson,* 2004 WL 2755542 (Bankr. E.D. Ark.) (Debt to state agency, including portions of child support judgments against debtor relating to costs, service and administrative fees assessed against him and to lying-in and medical expenses for birth of child were nondischargeable); *In re Roy*, 315 B.R. 108 (Bankr. D. N.D. 2004) (Court notes without deciding that debtor-husband's debt to state, for AFDC benefits paid to his ex-wife, may be nondischargeable under 11 U.S.C. § 523(a)(18)) *In re Pitts*, 262 B.R. 482 (Bankr. W.D. Mo. 2001); *In re Perry*, 254 B.R. 675 (Bankr. E.D. Va. 2000) (support reimbursement debt was nondischargeable under both Section 523(a)(5) and (a)(18)).

7

In his brief, Debtor did not address whether the second prong of the test of non-dischargeablility had been met.  Therefore this Court assumes that Debtor concedes that the debt is one "enforceable under part D of title IV of the Social Security Act  (42 U.S.C. §601 *et. seq.*)."  11 U.S.C. §523(a)(18)(B).  Support claims that are enforceable under this part relate to obligations incurred under a divorce decree or support order.  Part D generally provides for child support and establishment of paternity.  *See* 42 U.S.C. §§651-669(b). Under state laws enacted in conformance with the requirements of part D of title IV, a custodial parent must assign any right to receive support from the non-custodial parent as a condition of receiving public assistance.  *See* Amy Watkins, *The Child Support Recovery Act of 1992: Squeezing Blood From a Stone*, 6 Seton Hall Consti.L.J. 845, 854-55 *cited in In re Spinks*, 233 B.R. 820 (Bankr. S.D. Ill. 1999).

Interpretation of  Section 523(a)(18) requires the consideration of the interplay of the various provisions in paragraph (a) and cannot be ascertained  in a vacuum independent of other related provisions.  Under Section 523(a)(5), generally a debt for court-ordered child support is nondischargeable.  However, if a debt is assigned to another entity within the terms of Section 523(a)(5)(A) the debt is dischargeable.  This exception to non-dischargeability, however, does not apply to debt for support assigned under Section 408(a)(3) of the Social Security Act or assigned to a federal, state or local government.  This caveat makes nondischargeable a support obligation that has been assigned to a governmental entity as a condition to receiving certain public assistance payments.

A court must interpret the meaning of the phrase "in the nature of support" in the context of the older provision, subparagraph (a)(5) as well as subparagraph (a)(18).  Under clause (B) of subparagraph (a)(5), a debt for alimony, maintenance, or support is dischargeable unless the

liability "is actually in the nature of alimony, maintenance, or support." Congress included this proviso to ensure that a label assigned by the parties in a marital settlement agreement or a determination by a state court would not bind a bankruptcy court when it determined whether a debt was nondischargeable. *Gianakas*, 917 F.2d at 762. Therefore, the term "nature of support" was not inserted into Section 523(a)(18) as limitation on the application of the provision to situations in which the state directly provides support, but simply to harmonize with the provision in Section 523(a)(5) that to be nondischargeable, the debt must derive from a an obligation to support a member of Debtor's family and not some other obligation.

As noted in *Leibowitz*, the Welfare Reform Act made changes to both the Social Security Act and the Bankruptcy Code. By adding (a)(18) to Section 523, Congress created a broader exception to discharge than was available under Section 523(a)(5). Prior to the enactment of Section 523(a)(18), the Ninth Circuit had held that when state law was applied, certain claims for pre-judgment AFDC payments were dischargeable despite the clear language of Section 523(a)(5). *See Ramirez*, 795 F.2d at 1497; *Visness v. Contra Costa County,* 57 F.3d 775 (9th Cir. 1995).[6] One year after *Visness*, Congress amended Section 523 of the Bankruptcy Code and also made changes to part D of title IV. Part D was amended by creating a new section, §656(b), that provides that "[a] debt . . . owed under State law to a State . . . or municipality . . . that is in the nature of support and that is enforceable under this part is not released by a discharge in

---

[6]The Ninth Circuit noted that an AFDC applicant was required to assign support rights that had *accrued* at the time the assignment was executed. Under California law, a custodial parent did not have a right to support absent a court judgment. The court concluded that since no rights had accrued, there were none to assign. Therefore, debtor could discharge the claim to the extent that it included reimbursement for AFDC payments made before a support order was entered.

9

bankruptcy under Title 11. 42 U.S.C. § 656(b). Thus, Congress closed the loophole in Section 523(a)(5) that had allowed debtors to discharge certain support debts assigned to a state or municipality and made it clear that obligations incurred under part D, title VI were not dischargeable in bankruptcy. *Leibowitz*, 217 F.3d at 805.

Debtor argues that even if the debt is found to be nondischargeable, $2,237.00 in interest claimed by Orange County should be found to be not in the nature of support and, therefore, dischargeable. Debtor's position is rebutted by Section 653(p) of the Social Security Act, which defines "support order" as " a judgment, decree, or order ... for the support and maintenance of a child, including a child who has attained the age of majority under the law of the issuing State ... which provides for monetary support ... *and which may include related costs and fees, interest and penalties*...." 42 U.S.C. §653(p) (emphasis added.). Again, Debtor cites no precedent to support his position, leaving the Court without authority to find in his favor.

For these reasons, the Court grants Defendants' Motion for Summary Judgment. The judgment debt of $19,099.32 owing to Orange County, California is determined to be nondischargeable. An appropriate order follows.

BY THE COURT,

_____
Bankruptcy Judge

Date: February 4, 2005

*This electronic order is signed and filed on the same date.*

11